**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 99-30758**
**Summary Calendar**

_____

**ROBERT SPENCER,**

**Petitioner-Appellant,**

**versus**

**BURL CAIN, Warden,**
**Louisiana State Penitentiary,**

**Respondent-Appellee.**

_____

**Appeal from the United States District Court**
**for the Middle District of Louisiana**
**(97-CV-328-C)**

_____

September 11, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Louisiana prisoner Robert Spencer (# 104531) appeals from the dismissal, for failure to exhaust state remedies, of his 28 U.S.C. § 2254 habeas petition. Our court granted Spencer a certificate of appealability on whether the district court erred in concluding Spencer failed to exhaust his claim that the state trial court denied him a fair trial by erroneously instructing the jury on conspiracy.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"A fundamental prerequisite to federal habeas relief under §
2254 is the exhaustion of all claims in state court prior to
requesting federal collateral relief." **Whitehead v. Johnson**, 157
F.3d 384, 387 (5th Cir. 1998).  Exhaustion requires that the
federal claim be "fairly presented" to the highest court of the
State, either on direct review or in a postconviction proceeding.
**Carter v. Estelle**, 677 F.2d 427, 443 (5th Cir. 1982) (internal
quotation marks and citations omitted), *cert. denied*, 460 U.S. 1056
(1983).

To do so "the federal habeas petitioner must have provided the
state courts with a fair opportunity to apply controlling legal
principles to the facts bearing upon his constitutional claim".
**Nobles v. Johnson**, 127 F.3d 409, 420 (5th Cir. 1997) (internal
quotation marks and citation omitted), *cert. denied*, 523 U.S. 1139
(1998).  And, the claim presented in federal court "must be the
substantial equivalent" of that presented to the state courts.
**Whitehead**, 157 F.3d at 387 ( citation omitted).  Along this line,
and although the habeas petitioner "need not spell out each
syllable of the claim before the state court", **id.**, "[i]t is *not*
enough that all the facts necessary to support the federal claim
were before the state courts, ... or that a somewhat similar state-
law claim was made".  **Anderson v. Harless**, 459 U.S. 4, 6 (1982)
(emphasis added).

Spencer *did* present, on direct appeal, a jury-instruction claim somewhat similar to the one he is presenting in federal court.  The claim in state court was presented, however, *only* in the most conclusory fashion and was supported by neither federal constitutional nor even state legal authority.  In short, the claim was *not* "fairly presented" to the state courts; therefore, it remains unexhausted.  *See* **Anderson**, 459 U.S. at 6.

Accordingly, the judgment of the district court is

*AFFIRMED.*